PER CURIAM.
_JjDenied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator’s remaining claims are repetitive and/or unsupported. La.C.Cr.P. art. 930.2; La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in *129 La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
| .ATTACHMENT
*130 [[Image here]]
This matter comes before the court on .petitioner’s APPLICATION FOR POST" CONVICTION RELIEF. STAMPED AS FILED JANUARY 5. 2015, THE STATE'S RESPONSE. STAMPED AS FILED MARCH 2. 2015. AND THE PETITIONER’S MOTION TO. AjMPEND HIS THIRD CLAIM. STAMPED AS FILED'MARCH112,201S.
The petitioner was convicted after trial by jury of second degree murder of seven-year old P,D, and attempted second degree murder of Cary Smoot He was sentenced to life in prison for the murder and to fifty years in prison forth attempted minder. The petitioner's convictions and sentences were affirmed on direct appeal, State v. Preston, 118 So.3d 1129 (La. 5 Cir. 5/16/13), writ denied, 130 So.3d 318 (La. 1/10/14).
The petitioner filed a pro se application for post-conviction relief. Hie oourt ordered the state to respond, which was done. The petitioner filed a request to amend his third claim, which the court will grant Due to the nature of the amendment and its closeness to the original language, the'court does not find it necessary to have &e state respond again. The court will-proceed to address the procedural objections and merits of the-issues, as appropriate.
ISSUES
The petitioner raises four specific issues in his pro se application for post-conviction relief, to wit:
(1) He was denied a fair and impartial jury, specifically raising a Batson claim,
(2) he was denied the effective assistance of counsel at trial by cóim$cl's failure to object . during jury selection,
(3) he was denied the effective assistance of counsel by failure to object to introduction of gang affiliation, and
(4) he was denied due process and equal protection by the existence of prosecutorial misconduct.
ANALYSIS OF CLAIMS
Issue One: Dental of a fair and impartial fury w/ien the state made peremptoty challenges based on race and/or gender in vlblation of Batson v. Kentucky
The state raises a procedural objection to- tills claim, specifically that this claim was known but not raised prior to- conviction, Under LSA-C.Cr.P. art. 930.4(B) a petitioner is procedurally barred from raising a olaim in post-conviction proceedings if he had knowledge and inexcusably failed to raise the olaim in proceedings leading to conviotion.
The court has reviewed the petitioner’s application carefiilly, noting he does not provide an explanation in tlie uniform application or his memorandum in support The court finds that the *131 petitioner has had an opportunity to provide an explanation, as noted in State ex rel, like v. State, 99-496 (La. 11/12/99). 749 So.2d 650. Claims such as this should be made in the trial court, who oould grant relief immediately, if warranted. It is not proper to .wait until after conviction to present such a clsim.
Ja.
The court finds this claim is procedurally barred by failure to present.it to the trial court prior to conviction.
Issue Two: Ineffective assistance of counsel by counsel's failure to object to the peremptory challenges . ,,
The petitioner contends his defense attorney was constitutionally ineffective by foiling to abject to the state’s use of peremptory challenges. He assarts potential jurors were excused because of race or gender.- .
Under the well-known standard set out in Strickland v. Washington, 466 U,S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and State v. Washington,, 491 So.2d 1337 (La.1986), a conviction must be reversed if the petitioner proves (1) that counsel's peiformanoe.fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict-suspect, State v. Legrand, 2002-1462 (La.12/3/03), 864 So.2d 89.
To be successful in arguing ineffective assistance of counsel, a post-conviction petitioner must prove deficient performance to the point'that counsel is not functioning as counsel within the meaning of the Sixth Amendment. A petitioner must also prove actual prejudice to the point that the results of the trial cannot be trusted. It ⅛ absolutely essential that both prongs of the Strickland test must be established before relief will be granted by a reviewing court,
Furthermore, títere is a strong presumption that counsel’s performance is within the wide range of effective representation. Significantly, effective counsel does not mean errorless counsel and the reviewing court does not judge, counsel’s performance with the distorting'benefits of hindsight, but rather determines whether counsel- was reasonably likely to render effective assistance. State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075.
In additioirto the high burden of proving counsel was ineffective, the court also finds the petitioner’s reliance on Batson misplaced. In Batson v. Kentucky, 476 U.S, 79, 106 S.Ct. 1712, 90 L.Ed. 69 (1986), the United States Supreme Court held that the use of peremptory challenges to exolude persons frían a jury based on their,race violates the Equal Protection Clause, There are a number of step’s that must each be proven in order to prevail on a Batson claim. The Louisiana -legislature passed LSA-C.Cr.P. art. 795(C) which prohibits the use of peremptory challenges based solely on race or gender.
To prevail on a Batson' claim, it must be proven 'that the peremptory challenges on race or gender were in faot made, if so, the prosecutor is given an opportunity, to state a race-neutral reason for the strike. If the proseoutor fails to do so, the trial court must decide if the defendant met his burden of proving intentional racial discrimination. See State v. Green, 655 So.2d 272, 287 (La.1995),
None of these steps were proven in this case. The record establishes that the petitioner was represented at trial by an experienced criminal defense attorney, Letitia J. Davrs-Parker, As counsel for the petitioner, it was her' duty to raise issues before and during 1he trial, if she believed them to be well-founded.
There is nothing in this record to cause this court to substitute ⅝ judgment for defense counsel’s judgment during trial. In feet, ft appears trial counsel performed well in her representation of the petitioner, despite overwhelming evidenoe',
After a careful review on the merits of this claim, the court finds that the-petitioner did not meet his heavy burden, under L,S.A-C.Cr.P. art. 903.2, of proving entitlement'to post-conviction relief,.

Issue Three; Venial of effective assistance of counsel when counsel failed to object to alleged gang affiliation testimony

In the petitioner’s third claim, as amended, he asserts Ins attorney was ineffective by failing to object.to references made by the prosecutor and witnesses to the petitioner’s gang affiliation, -
This court has reviewed the Fifth Circuit’s opinion for a lengthy summary of the faots introduced at trial. The state proved at trial that the petitioner was involved in a gang-related *132 dispute. The evidence established that the petitioner discharged an AK-47 and fired 17 shots at Cary Smoot, a member of a rival gang. The evidence also established that the petitioner fired a large number of shots in a drive-by shooting that killed seven year old P.D., who .was sleeping in her home. As the Fifth Circuit summarized in deciding the petitioner's direct appeal, “the evidence indicates that defendant, planning to test his new Glock handgun, brought this semiautomatic fireaim, loaded with multiple rounds, into a residential neighborhood with the intention of discharging it, an aot he knew to be illegal,” Preston, 113'8.
[[Image here]]
The state argues against the petitioner’s contention that references to gang affiliation were unwarranted. The state notes ¿at in this case, the evidence from multiple sources of petitioner’s gang affiliation was relevant lo show his motive and specific intent to commit the crimes.
The court finds the state’s reliance an State v. Weatherspoon, 06-539 (La.App. 12/12/06), 948 So.2d 21S to-be warranted. The evidence produced at trial contained references to gang affiliation, not as an attempt to unfairly prejudice tire petitioner, but rather to establish his motives and to provide a complete narrative of actions.
Furthermore, counsel was present and able to judge if she felt objections or curative instructions should be sought. Her decision not to take seek action is entitled to deference, unless ineffectiveness is shown. Ineffectiveness is not shown in thi's case, because, as argued by the state and held in Weatherspoon, the references to gang affiliation were admissible. Thus, had defense counsel raised an objection during trial, it would not have been successful, For this reason, the petitioner has not met his burden under Stricldand v. Washington, This court wiil deny this claim on the merits.

Issue Four; Denial of due process and equal protection by the existence of prosecutorial misconduct

In his final claim, the petitioner complains that the prosecutor made references to his gang affiliation. He contends this constituted unfair prejudice against him.
In a portion of its response, tire state responds that, due to ttie petitioner’s phrase “the principal issue is whether the improper remarles hr closing argument require the setting aside of the sentence,” petitioner may be asserting a sentencing error. It is well-settled that sentencing errors are not cognizable in post-conviction' proceedings. Tire court does not find that the petitioner is asserting a sentencing error. Rather, this pro se argument is directed to alleged prejudice at trial.
For the reasons noted above, the court finds the evidence was in faot admissible and its use did not unfairly prejudice the petitioner, A review of the record and the case on appeal establishes the petitioner hád a fair trial.
Furthermore, on this assignment of error, the court does find the state’s assertion of a procedural bar warranted. The state contends this claim was not raised in proceedings prior to the conviction. The court agrees and for this reason, finds that this claim is barred by application of LSA-C.Cr.P. art. 930.4(B).
CONCLUSION
The petitioner had a fair trial and his conviction has been reviewed on direct appeal. This court carefully review each claim made in this post-conviction proceeding, finding some claims barred and some deficient on the merits. The court finds no basis to set aside the petitioner’s convictions or .to afford any other post-conviction relief.
Accordingly,
IT IS ORDERED BY THE COURT that the .petitioner’s application for post-conviction relief and all outstanding motions be and are hereby DENTED.
[[Image here]]
[[Image here]]